IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-0254-RBJ

DONALD MIKESELL

    Plaintiff,

v.

KATHLEEN SEBELIUS, the SECRETARY OF THE DEPARTMENT OF HUMAN SERVICES, in her official capacity, as the representative of Medicare

    Defendant.

ORDER

This case comes before the Court on appeal from a Decision of the Medicare Appeals Council issued December 11, 2008. It became ripe for decision by this Court upon the filing of plaintiff's reply brief on August 21, 2009. The Court apologizes to the parties for the delay in resolving the case.

**Standard of Review**

This appeal is based solely on the administrative record compiled in various agency proceedings as described below.[1] The parties do not dispute that the Court may reverse the agency's decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not supported by the law." 5 U.S.C. 706(2)(A).

**Facts**

Donald Mikesell, age 74, was vacationing in Cozumel, Mexico on August 2, 2007 when he fell and injured his hip. He was transported by ambulance to the Cozumel Medical Center that evening and held overnight. A CT Scan performed on August 3, 2007 revealed a hip

---

[1] The Court, like counsel in their briefs, will use the government's Bates numbers for citations to the administrative record.

fracture. Medical personnel told Mr. Mikesell that he needed emergency surgery, and that they could perform it at the Center. He declined that option and instead arranged for transportation to Denver, Colorado, the location of his home, by air ambulance. Surgery was performed in Denver on or about August 4.

This case arises from the denial of Mr. Mikesell's request for reimbursement of the air ambulance expense of $30,500 by his Medicare carrier, Kaiser Foundation Health Plan, Inc. He unsuccessfully sought reconsideration by Maximus Federal Services, a review entity that is responsible for considering such requests for the Medicare Advantage Program. He appealed to an Administrative Law Judge who ruled against him on July 7, 2008. He further appealed to the Medicare Appeals Council and lost again. This case followed.

**Conclusions**

Mr. Mikesell's insurance contract with Kaiser provided coverage outside the plan's service area, such as when he was in Mexico, in the event of a "medical emergency." R. 158. A "medical emergency" is "when you reasonably believe that your health is in serious danger – when every second counts. A medical emergency includes severe pain, a bad injury, a serious illness, or a medical condition that is quickly getting much worse." R. 160. In the event of a medical emergency, the insured is urged to get medical help as quickly as possible at the nearest emergency room. *Ibid.* Coverage includes medically necessary ambulance services. However, air ambulance is covered "only in emergency situations." R. 164.

Mr. Mikesell has lost his appeals for two primary reasons. First, Mr. Mikesell did not show that the Cozumel Medical Center was unable to provide surgery and other necessary medical care on and after August 3. Second, if the Cozumel Medical Center could not meet the

need, then he was required to obtain care at the nearest appropriate facility that could. Denver was not shown to be the nearest appropriate facility.

Medical Emergency.

The problem here is not whether there was an emergency but in recognizing what it was. When Mr. Mikesell fell and hurt himself badly, there was a medical emergency requiring that he be immediately transported to a hospital. The need for prompt surgery after he was diagnosed with a fractured hip was a medical emergency. Mr. Mikesell was entitled to coverage for all of that care and apparently received it.

The insurance coverage issue, however, is whether there was an "emergency situation" justifying transportation to Denver by air ambulance. In other words, was the prospect of having the surgery performed at the Cozumel Medical Center so bleak as to itself be a medical emergency?

Plaintiff's counsel states in his Opening Brief that "[t]he record contains no tangible information about the Cozumel Medical Center, nor the qualifications of its staff, doctors, etc." Br. at 2. I agree only in part. The record contains testimony from Kaiser's medical expert, Dr. John Pappas, at the ALJ hearing. He reviewed Mr. Mikesell's medical records from the Cozumel Medical Center which indicated that surgery had been recommended but refused by Mr. Mikesell. In response to a question from the ALJ as whether he was familiar with the Center, Dr. Pappas stated: "We've dealt with them before, yes. They're a hospital which is capable of doing surgery, yes." R. 389. This was not specific or detailed testimony about a particular specialist in hip surgery. However, there is nothing in the record that suggests that the Cozumel hospital was incapable of providing competent and appropriate surgical services to Mr. Mikesell.

Mr. and Mrs. Mikesell provided a number of reasons at the ALJ hearing for their decision to refuse surgery at that facility and instead return to Denver. Before a CT Scan was performed, the doctors thought he had a bad bruise. R. 374. During the night he spent at the Center Mr. Mikesell needed help to go to the bathroom, but no one responded to his screaming, and he urinated on the floor. R. 375. They were concerned about the cost of rehabilitation in Mexico. R. 378. The pain medication they gave him was not providing relief. R. 379. Most of the hospital staff spoke little English. R. 384. All of these things make their decision to return to Denver rational.

The question, however, was whether under the terms of their insurance policy Kaiser was required to pay for that decision. The burden is on Mr. Mikesell to show that the agency action was arbitrary or capricious. The Medical Appeals Council concluded, "[a]lthough the Council recognizes the reasons that the enrollee did not wish to remain in the Cozumel Medical Center, the enrollee has not offered any objective evidence that the Cozumel facility could not have provided him with the treatment he needed." R. 6. This finding is supported by the record.

<u>Nearest Appropriate Facility</u>.

The second basis for the decision below is moot in view of the Court's conclusion on the "medical emergency" issue. However, plaintiff has waited more than two years for a decision in this case, and I believe he is owed the courtesy of my thoughts on that issue. The applicable regulation provides that, when ambulance transportation is appropriate, Medicare covers costs incurred "[f]rom any point of origin to the nearest hospital, CAH, or SNF that is capable of providing the required level and type of care for the beneficiary's illness or injury." 42 C.F.R. §410.40(e)(1). Plaintiff concedes in his brief that there likely were appropriate facilities closer than Denver but argues that there should have at least been a partial reimbursement of the air

ambulance costs.  Br. at 10-11.  However, there is no evidence in the record on which the cost of transportation to an alternative location could be determined.  Again, the burden to show that the decision below was arbitrary and capricious lies with plaintiff.

**Order**

Because I cannot find, after reviewing the record and the law, that the Medicare Appeals Council's decision was arbitrary or capricious, I affirm its decision.  I am sorry that the Mikesells have been through such a long and, I am sure, stressful litigation.  I hope that Mr. Mikesell, now 78 years of age, attained a full recovery, and I wish both the Mikesells well.

DATED this 25th day of October, 2011.

BY THE COURT:

*[signature]*

_____
R. Brooke Jackson
United States District Judge